UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph Keller,                                        Case No. 3:11cv02254

           Plaintiff

     v.                                             MEMORANDUM OPINION
                                                   AND ORDER

Norfolk Southern Railway Company,

           Defendant


## INTRODUCTION

This matter is before me on the motion of Defendant Norfolk Southern Railway Company ("Norfolk Southern") for summary judgment pursuant to Fed. R. Civ. Pro. 56. (Doc. No. 21). Plaintiff Joseph E. Keller ("Keller") filed a memorandum in opposition. (Doc. No. 25). Norfolk Southern filed a reply. (Doc. No. 27). After I granted leave, Keller filed a sur-reply. (Doc. No. 31). For the reasons stated below, Norfolk Southern's motion is denied.

## BACKGROUND

On January 15, 2009, the date of the incident, Keller was working as a conductor for Norfolk Southern. (Doc. No. 21-1 at 1). Keller alleges he sustained an injury to his shoulder while "attempt[ing] to operate railroad switches which were difficult and unsafe to operate in snow and ice conditions." (Doc. No. 8 at 2). Keller asserts that Norfolk Southern did not properly maintain the switches because it failed to clear the snow and ice that accumulated on the switches during a snowstorm in the hours preceding the incident in which Keller alleges he suffered injury. (Id.).

Keller states that when he reported to work on January 15, he asked the track supervisor, Russell Robinson, for assistance in clearing snow-covered switches. (Doc. No. 25 at 3). Ernest Wolery, a track department employee, was assigned to clean switches between Fostoria and Bellevue, Ohio, a stretch of track that includes the switch at the Arm and Hammer facility Keller was attempting to operate when he allegedly suffered injury, but Wolery determined he could not reach the switch in order to clear the snow and ice. (Doc. No. 25 at 5-6). Keller states the only equipment Norfolk Southern provided to him to clean the switches was a broom with a chisel attached to the end of the handle. (Doc. No. 25-1 at 6). By comparison, track department employees like Wolery also were provided with "backpack blowers" and shovels to use while clearing away snow and ice. (Doc. No. 25-1 at 6; *see also*, Doc. No. 25-2 at 7).

Norfolk Southern argues it is entitled to summary judgment because "[Keller] cannot establish [Norfolk Southern's] negligence and because [Keller's] contributory negligence was the sole cause of the accident . . . ." (Doc. No. 21-1 at 1). Keller disagrees and asserts that Norfolk Southern's motion ignores evidence disclosed in discovery as well as case law affirming a railroad's duty to provide its employees with a reasonably safe place to work. (Doc. No. 25 at 12). In particular, Keller asserts Norfolk Southern had a duty to take "remedial measures to lessen the impact of winter conditions," but failed to do so. (Id.). Further, Keller argues there is a genuine dispute as to whether his injuries were caused, in whole or in part, by Norfolk Southern's alleged negligence. (Doc. No. 25 at 3).

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of

2

a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.

Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "requires the [non-moving] party to go beyond the pleadings" and present some evidence in support of its position. *Celotex*, 477 U.S. at 324; *see also*, *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The non-moving party "need only present evidence from which a jury might return a verdict in his favor" in order to establish a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 257. Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, a court "must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also*, *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## ANALYSIS

A railroad, while engaged in interstate commerce, "shall be liable in damages to any person suffering injury while he is employed" by such a railroad when the injury "result[s] in whole or in

part from the negligence of any of the officers, agents, or employees" of the railroad. 45 U.S.C § 51; *see also, CSX Transp., Inc. v. McBride*, 131 S.Ct. 2630, 2634 (2011) (railroad is liable to employee "if the railroad's negligence played any part in bringing about the [plaintiff's] injury."). To establish a prima facie case under the Federal Employers' Liability Act ("FELA"), a plaintiff employee must prove (1) he was injured while in the scope of his employment, (2) his employment was in furtherance of the railroad's interstate business, (3) the railroad was negligent, and (4) the railroad's negligence caused the employee's injury in some part. *Van Gorder v. Grand Truck W. R.R., Inc.*, 509 F.3d 265, 269 (6th Cir. 2007).

Under the FELA, a railroad has a duty to use reasonable care in providing its employees with a safe place to work. *Padgett v. S. Ry. Co.*, 396 F.2d 303, 306 (6th Cir. 1968). This duty is nondelegable and applies even when the railroad's employees are required to go onto the premises of a third party over which the railroad has no control. *Shenker v. B & O R.R. Co.*, 374 U.S. 1, 7 (1963). The FELA does not assign liability based solely on "the existence of transient conditions created by the weather . . . ." *Borum v. Grand Trunk W. R.R., Inc.*, 659 F. Supp.2d 853, 857 (E.D. Mich. 2009) (*citing Raudenbush v. B & O R.R. Co.*, 160 F.2d 363, 366-67 (3rd Cir. 1947)). If, however,

> snowfall is considerable in quantity and allowed to remain for extended periods of time, the employer would be required to exercise a reasonable degree of care to prevent an accumulation of snow or ice in such quantity and location as would constitute a menace to the safety of the employees in the performance of their various duties. The degree of care required by such employer must have some reasonable relationship to the ability of that party upon whom the duty is cast to perform such duty.

*Stephens v. Metro-N. Commuter R.R.,* 612 N.Y.S.2d 513, 515 (N.Y. App. Div. 1994) (internal quotations and citations to *Raudenbush*, 160 F.2d at 367, omitted).

The parties agree there was a substantial amount of snow on the ground, that there was ice and snow covering the switch, and that it had snowed heavily the night before Keller allegedly suffered his injury. (Doc. No. 21-1 at 1-2; Doc. No. 25 at 3-5). Nevertheless, Norfolk Southern asserts: (1) it was not negligent in failing to have someone clean the switch before Keller attempted

4

to operate it; (2) there is no evidence that had Wolery cleared the switch rather than Keller, Keller wouldn't have been injured; and (3) Keller was injured while attempting to operate the switch and not while cleaning it. (Doc. No. 21-1 at 5). Norfolk Southern's argument is flawed, however, and it fails to carry its burden of demonstrating the absence of a genuine dispute as to a material fact.

First, Norfolk Southern fails to produce any evidence in support of its contention that it was not negligent in failing to clear the switch of snow and ice. Instead, it merely asserts Keller cannot produce evidence to support a negligence action against Norfolk Southern and that it is not required to furnish its employees with the newest or best appliances. (Doc. No. 21-1 at 4). Contrary to Norfolk Southern's contention, Keller offers evidence that (1) the Norfolk Southern track department cleared switches at other locations on the date Keller was injured, (2) track department employees had more and different equipment to use in removing snow and ice from the switches, (3) the switch at the Arm and Hammer facility was operated on a daily basis by Norfolk Southern crews, and (4) the track department employee assigned to clear the switch at the facility chose not to proceed to the switch in order to clear it. (Doc. No. 25 at 4-7).

It is true that Norfolk Southern is not required to provide the newest or best tools and appliances to its employees. *See, e.g., Atl. Coast Line R.R. Co. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951). Under the FELA, the relevant inquiry is whether Norfolk Southern "exercised reasonable care, not whether the procedures [or tools] used by the Railroad could have been made safer." *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 838 (4th Cir. 1987). It also is true, however, that a jury could conclude Norfolk Southern's failure to provide Keller with equipment besides the broom and chisel was unreasonable under the circumstances. These "circumstances [are] for the trier of facts to appraise." *Stone v. New York, C., & St. L. R. Co.*, 344, U.S. 407, 409 (1953).

Second, Keller offers evidence that track department employees are provided with a backpack blower and a shovel, as well as a broom and chisel, to use in clearing snow and ice from tracks. (Doc. No. 25 at 5). Norfolk Southern even appears to concede this point, as it claims

5

Wolery was justified in choosing not to walk to the Arm and Hammer switch because he "would have had to walk 1/2 to 3/4 of a mile through the snow **carrying whatever equipment he needed to use to clear the switch**." (Doc. No. 27 at 5)(emphasis added). If Wolery in fact would have used only a broom and chisel, he wouldn't need to carry anything; he simply could have used the equipment provided to Keller. There is a genuine dispute as to whether the backpack blower and shovel would have been more effective tools in clearing the snow and ice, and thus as to whether Keller would have suffered injury had Wolery proceeded to the Arm and Hammer facility to clear the switch.

Third, the FELA requires only that a plaintiff employee's injury be caused, in whole or in part, by the negligence of the defendant railroad. Keller does not claim he was injured while cleaning the switch, or while operating the switch. Keller claims he was injured while operating a switch covered in snow and ice from a significant winter storm. He has asserted a colorable claim that Norfolk Southern's failure to clear the snow and ice from this switch was negligent, and that this negligence caused his injury. Before a court may deprive a FELA plaintiff of his right to a jury trial, "there must be no evidence from which the jury could find that employer negligence played any part in injuring the plaintiff." *Padgett*, 396 F.2d at 306 (*citing Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957)).

The Supreme Court's opinion in *McBride* does not alter this analysis. In *McBride*, the Court reiterated the principle that but-for causation is not sufficient to support liability under the FELA. *McBride,* 131 S. Ct. at 2643. The causal connection in this case, however, is more than a matter of mere but-for causation. The presence of snow and ice on the switch was not merely a link in the chain of events leading to Keller's injury; there is a direct connection between the snow coverage and the injury. Keller's injury also is not temporally removed from Norfolk Southern's alleged negligence in failing to clear the snow. *See Nicholson v. Erie R.R. Co.*, 253 F.2d 939, 941 (2nd Cir.

6

1958)(railroad's negligence is merely a but-for cause if it is "too far removed both in space and time from the injury.").

As I note above, the Supreme Court has been clear that a jury properly may conclude a defendant caused or contributed to a plaintiff's injury if the defendant's negligence played any part in bringing about the injury.  *See McBride*, 131 S.Ct. at 2639; *Rogers*, 352 U.S. at 507.  A jury reasonably could conclude that Norfolk Southern was negligent in failing to clear the snow and ice from the switch and that this failure caused, in whole or in part, Keller's injury.  It is clear "that where the evidence allows more than one outcome on the issue of causation, the issue should be decided by a jury, not a judge."  *Richards v. Consol. Rail Corp.*, 330 F.3d 428, 437 (6th Cir. 2003)(citing *Rogers*, 352 U.S. at 506-07).  There remains a genuine dispute as to a material fact, and Norfolk Southern is not entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Norfolk Southern's motion for summary judgment (Doc. No. 21) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge